IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUAN GUILLERMO TOBON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:17cv520-LSC |
| | ) (WO) |
| TRACY JOHNS, *et al*. | ) |
| | ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 filed on July 7, 2017, by Juan Guillermo Tobon ("Tobon"), a federal inmate convicted in this court for violating the federal escape statute, 18 U.S.C. §751(a). (Doc. # 2.) Tobon is incarcerated at the D. Ray James Correctional Institution ("CI D. Ray James") in Folkston, Georgia.

## I.  BACKGROUND

On February 23, 2017, this court sentenced Tobon to 12 months and 1 day in prison on his escape conviction, to be served consecutively to any other sentence he was then serving. (*United States v. Tobon*, Case No. 2:92cr377-LSC, Doc. # 41 & 43.) Tobon's escape conviction arose from his October 1992 walk-off escape from the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"), where he was serving an 87-month sentence for conspiracy to defraud the IRS and money laundering imposed in 1990 by the United States District Court for the Middle District of Florida. (*See id.,* Doc. # 40 & 43.)

After absconding from FPC Montgomery, Tobon, a citizen of Colombia, remained at large for over 20 years, apparently returning to Colombia to live with his family. In March 2013, Tobon was arrested in Peru after officials there compared his fingerprints to fingerprints from an Interpol "red notice" that listed him on escape status. (*Id.*, Doc. # 40 at 4.) After his arrest, he remained in the custody of Peruvian officials until he was extradited to the Middle District of Alabama in July 2016. (*Id.*) He pleaded guilty to the federal escape charge in August 2016 and was sentenced by this court in February 2017. (*Id.*, Doc. # 29 & 43.)

In his § 2241 petition, Tobon contends that the Federal Bureau of Prisons ("BOP") has improperly denied him prior-custody credit against his federal sentence for the 39 months and 17 days he spent in custody in Peruvian prison awaiting extradition to the United States. (Doc. # 2 at 1–2.) Tobon also appears to argue that the BOP has failed to credit him with good conduct time to which he is entitled. (*Id*. at 2; *see* Doc. # 3.)[1]

Upon review of Tobon's claims, the court concludes that his § 2241 petition should be transferred to the United States District Court for the Southern District of Georgia under 28 U.S.C. § 1631.

## II. DISCUSSION

A federal prisoner challenging the manner, location, or conditions of the execution of a sentence must do so through a petition for a writ of habeas corpus under 28 U.S.C.

---

[1] Based on an "Emergency Motion to Request Immediate Release" (Doc. # 3) that he filed in connection with his § 2241 petition, Tobin appears to argue he is entitled to immediate release from confinement once he receives credit for his prior custody in Peruvian prison and for his good conduct time.

2

§ 2241. *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017) (federal prisoner may challenge the deprivation of good-time credits in a § 2241 petition); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) (challenges to execution of sentence are properly brought under § 2241); *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (recognizing that claims for jail time credit are properly raised in a habeas petition under § 2241).

"Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984). The immediate custodian is the proper party respondent in a habeas case under § 2241. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

Tobon is incarcerated at CI D. Ray James, a BOP facility in Folkston, Georgia, which is in Charlton County, Georgia. Charlton County is within the jurisdiction of the United States District Court for the Southern District of Georgia. *See* 28 U.S.C. § 90(c).

> "District courts are limited to granting habeas relief 'within their respective jurisdictions.' 28 U.S.C. § 2241(a). We have interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.' *Braden [v. 30th Judicial Circuit Court of Ky.]*, 410 U.S. [484], at 495, 93 S.Ct. 1123 . . . [(1973)]. Congress added the limiting clause—'within their respective jurisdictions'—to the habeas statute in 1867 to avert the 'inconvenient [and] potentially embarrassing' possibility that 'every judge anywhere [could] issue the Great Writ on behalf of applicants far distantly removed from the courts whereon they sat.' *Carbo v. United States*, 364 U.S. 611, 617, 81 S.Ct. 338, 5 L.Ed .2d 329 (1961). Accordingly, with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.' *Id*. at 618, 81 S.Ct. 338."

3

*Rumsfeld,* 542 U.S. at 442.

Because Tobon is incarcerated at CI D. Ray James, this court cannot consider his petition for writ of habeas corpus under 28 U.S.C. § 2241. Under 28 U.S.C. § 1631, a federal court that finds it cannot entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. 28 U.S.C. § 1631. "Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a), which allow a district court to transfer a case if either venue is lacking and transfer would be 'in the interest of justice' (section 1406(a)) or for the convenience of the parties and witnesses if it would serve the interest of justice (section 1404(a))." *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984). Because Tobon is proceeding *pro se* and seeks habeas corpus relief, the court finds it is in the interest of justice to transfer this case to the United States District Court for the Southern District of Georgia for review and determination.[2]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Georgia under 28 U.S.C. § 1631.

It is further

---

[2] Tobon did not file either an application for leave to proceed *in forma pauperis* or the requisite filing to proceed in a habeas action. However, under the circumstances, the court concludes that procurement of the requisite fee or documents necessary to a determination of assessment/collection of any filing fee should be undertaken by the United States District Court for the Southern District of Georgia.

4

ORDERED that on or before August 21, 2017 Petitioner may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  Petitioner is advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar Petitioner from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 7th day of August, 2017.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE